### 20571. FORSYTH CORPORATION *v.* RICH'S, INC., *et al.*

DUCKWORTH, Chief Justice. The interlocutory judgment of February 19, 1959, temporarily enjoined Forsyth Corporation from demolishing the walls, but provided that it had a right to replace them with better and stronger walls if they were inadequate to its needs, and provided that Forsyth Corporation could file with the clerk its intention so to replace the walls, subject to the same uses which the other parties had had in the old walls, and show a building permit for such construction from the proper authorities; and provided that, in that event, the court would pass an appropriate order making such terms and conditions as seem just and proper. On February 26, 1959, Forsyth Corporation filed with the clerk its intention to rebuild in the same place as the old walls new walls with greater strength in accordance with architectural plans thereto attached. But it pointed out that plans had not been complete enough to get a building permit. On March 11, 1959, the court disapproved the declaration because: (a) a building permit was not filed, and (b) it does not plainly show an intention to allow Rich's, Inc., and Chil-

son, Inc., the same uses as the judgment of February 19 recited they had in the old wall, and the order then quoted such provisions of the order of February 19. On March 30, 1959, Forsyth Corporation filed a clarification of its declaration of intent, which was amended a number of times and as amended copied the uses which Rich's, Inc., and Chilson, Inc., would have in the new wall in the exact verbiage of the court's order reciting what they were in the old wall. It also showed complete architectural plans for the new walls as well as protection of the other parties during their erection, a building permit from the City of Atlanta, and a proposal to execute a bond in the sum of $50,000 to protect the other parties against loss by reason of any neglect of duty in replacing the walls. On April 24 the court passed an order allowing the replacement of the walls in conformity with the declaration of intentions as amended, but conditioned this right upon the the execution of bonds in favor of Rich's, Inc., in the amount of $100,000 and Chilson, Inc., in the amount of $50,000, the bonds to require a dismissal of a bill of exceptions pending in the Supreme Court; a waiver of any claim to contribution from the other parties to the costs of the walls, and the surety to be bound for any change, extensions of time, alterations, or additions to the terms of the bond. To the portion of the judgment requiring the bond and the terms thereof Forsyth Corporation excepts. *Held:*

1. There is a motion to dismiss the bill of exceptions on the grounds that the signing of a previous bill of exceptions deprived the court of jurisdiction to enter the judgment complained of; that it was functus officio, allowed 25 days to conform to it, and that time has expired; that it is not a final order; and finally that the plaintiff in error is estopped to have a review since it has failed to obey the order to dismiss another writ of error. The motion is wholly without merit and no further comment thereon is thought necessary. It is denied.

2. Obviously, the amended declaration of intentions meets the previous orders of the court, and the court so considered, else the judgment excepted to would not have issued. Upon the judgments of the court, as well as the ruling of this court in Case No. 20557 in division 4 of the opinion, Forsyth Corporation, as a matter of right, is entitled to replace the old walls with new ones in the same place, subject to the same

uses by Rich's, Inc., and Chilson, Inc., which new walls are, stronger and better than the old ones. But the court conditioned its order allowing the replacement of the old walls with new ones upon Forsyth Corporation executing bonds with security in favor of Rich's, Inc., in the amount of $100,000, and in favor of Chilson, Inc., in the amount of $50,000; such bonds to contain numerous conditions or obligations, some of which being (a) that a bill of exceptions seeking to review other rulings by the court be dismissed; (b) that Forsyth Corporation waive any claim to contributions from the other parties on the costs of the new walls, and the surety to be bound by all changes, extensions of time, alterations or additions to the terms of the bond made after its execution. Apparently the court considered the provisions of its order of February 19, that, when the declaration of intentions as therein described had been filed, appropriate orders would be passed to do justice to the parties, as authorizing it to require this bond. We do not think that judgment authorized this requirement, which certainly does not do justice to Forsyth Corporation. We think it unjust and improper to require an abandonment of a review of other judgments of the court, or to require a waiver of a right in order to obtain another right. If the other parties are liable in law for part of the expenses of the wall—and we do not intimate that they are—the court can neither justly nor lawfully require Forsyth Corporation to waive its rights thereto in order to obtain its right under the question decided. If there is no legal right, a waiver is unnecessary. Such a requirement is improper and invalid. Then, the obligation that the surety is required to assume is tantamount to denying to Forsyth Corporation a right that it unquestionably has to replace the old walls with better ones that will be of use to it. The offer of Forsyth Corporation to execute a bond in the amount of $50,000 to protect the other parties is more than the facts and law in the case would authorize the court to require.

For the foregoing reasons it was an abuse of discretion to require the bonds described in the judgment complained of; and being the only part of the judgment complained of, it is reversed to that extent, and the court below is directed to amend the judgment by striking all reference therein to these bonds.

*Judgment reversed with direction. All the Justices concur.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

*Johnson, Hatcher, Meyerson & Irvin,* for plaintiff in error.
*Stephens Mitchell, Parker & Parker,* contra.